| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| JEFFERY T. BINGHAM, *Individually and On Behalf of All Others Similarly Situated* | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 1:11-CV-48 |
| JEFFERSON COUNTY, TEXAS, and SHERIFF G. MITCH WOODS | § § § § | |
| Defendants. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND SUPPLEMENTAL ORDER AS TO MONICA BEAUMONT

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for all pretrial matters pursuant to an Order of Reference entered on October 2, 2012. (Doc. No. 230.) Pending before the Court is the Defendants' "Motion for Summary Judgment" (Doc. No. 224). The Court has received and considered the report (Doc. No. 234) of the magistrate judge, who recommends that the Court deny the Defendants' motion because there is a genuine dispute of material fact regarding whether the Defendants committed a willful violation of the Fair Labor Standards Act. The Defendants filed objections to the magistrate judge's report and recommendation and the Plaintiffs filed a response to those objections. (Doc. Nos. 237, 239.)

The Court has conducted a de novo review of the Defendants' objections to the magistrate judge's report and recommendation based on the relevant pleadings, motions, exhibits, and orders. *See* FED. R. CIV. P. 72(b)(3). After careful consideration, the Court concludes that the magistrate judge correctly determined that there is a genuine dispute of material fact regarding whether the Defendants committed a willful violation of the Fair Labor Standards Act.

Therefore, the Court will adopt the magistrate judge's report and recommendation. The Defendants' objections are addressed briefly below.

The Defendants first object that the Court should, at the least, grant summary judgment as to Plaintiff Monica Beaumont's claims because her consent form was filed on December 6, 2011, (Doc. No. 218)—beyond the September 12, 2011, deadline set in this Court's Order Regarding Class Certification and Notice to Members of the Putative Class (Doc. No. 181) and beyond even the three-year statute of limitations for willful violations. The Defendants mentioned this argument only in passing in their Motion for Summary Judgment (Doc. No. 224, at 6), and the magistrate judge did not reach the issue in his report and recommendation. Nonetheless, the argument is meritorious since Plaintiff Monica Beaumont's consent form was filed beyond the deadline set by this Court in the Order Regarding Class Certification and Notice to Members of the Putative Class (Doc. No. 181). Furthermore, the Plaintiffs have not raised any opposition to dismissal of Monica Beaumont's claims in either their Response to the Defendants' Motion for Summary Judgment or in their Response to the Defendants' objections to the magistrate judge's report and recommendation. Therefore, the Court enters a supplemental order, below, granting summary judgment as to the claims of Monica Beaumont.

The Defendants' second objection is that the claims against Defendant Sheriff Mitch Woods should be dismissed because there is no evidence that he was individually responsible for any willful violations of the Fair Labor Standards Act that might have occurred. (Doc. No. 237, at 4–5.) The Defendants did not raise this argument or their cited authorities within their Motion for Summary Judgment; therefore, the issue was not before the magistrate judge. *See* (Doc. No. 224). Accordingly, this objection to the magistrate judge's report and recommendation is without merit.

The Defendants' also object that the magistrate judge applied the *Jiffy June* standard of willfulness instead of the correct, *McLaughlin* standard of willfulness. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Coleman v. Jiffy June Farms, Inc.*, 458 F.2d 1139 (5th Cir. 1972). This objection is also without merit. The magistrate judge exclusively applied the *McLaughlin* standard when he made the determinative finding that "there is a genuine dispute as to whether the County either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [Fair Labor Standards Act]." (Doc. No. 234) (quoting *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988))) (internal quotation marks omitted).

As to the Defendants' objections 3–5 (Doc. No. 237, at 5–9), the Court has carefully considered the objections in light of the magistrate judge's report and recommendation and the relevant filings and exhibits. The Court finds that the magistrate judge's determinations on these issues were likewise correct as to both law and fact.

It is, therefore, **ORDERED** that the report and recommendation of the magistrate judge (Doc. No. 234) is **ADOPTED.** The Defendants' Motion for Summary Judgment (Doc. No. 224) is **DENIED** as to all Plaintiffs other than Monica Beaumont.

It is, further, **ORDERED** that the Defendants' Motion for Summary Judgment (Doc. No. 224) is **GRANTED** as to Monica Beaumont. Monica Beaumont's claims against the Defendants are dismissed with prejudice.

SIGNED at Beaumont, Texas, this 27th day of March, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE